**UNITED STATES of America,**
**Appellee,**

v.

**Roger Raymond PLOOF, Appellant.**
**No. 161, Docket 27702.**

United States Court of Appeals
Second Circuit.

Argued Dec. 6, 1962.
Decided Jan. 10, 1963.

---

Bernard Lisman, Burlington, Vt. (Lisman & Lisman, Burlington, Vt., on the brief), for appellant.

Joseph F. Radigan, U. S. Atty. (John H. Carnahan, Asst. U. S. Atty., on the brief), for appellee.

Before SWAN, FRIENDLY and KAUFMAN, Circuit Judges.

SWAN, Circuit Judge.

By jury verdict the defendant was convicted on both counts of a two count indictment. Count 1 charged transportation of a stolen Buick automobile from Littleton, New Hampshire to South Burlington, Vermont on March 10, 1961, in violation of 18 U.S.C. § 2312.[1] Count 2 charged transportation of a Ford sedan obtained in exchange for the Buick, from Burlington to Albany, N. Y. on March 13, 1961. The defendant was sentenced to a year and a day on each count to run consecutively. Execution of sentence on count 2 was suspended and defendant was placed on probation for a period of three years to commence when released from serving his sentence under count 1. At the close of the prosecution's case, and again at the close of all the evidence, defendant moved for judgment of acquittal on the ground that the evidence on either count was insufficient to be submitted to the jury. Denial of the motion is the only error asserted on the appeal. Defendant was released on bail pending appeal.

In oral argument appellant conceded that the evidence as to count 2 was adequate for submission to the jury. We affirm as to count 2 and see no need of discussing the evidence.

Why the court thought it desirable to suspend execution of the sentence on the stronger count rather than the weaker is an unexplained mystery. That the evidence as to count 1 was weak was recognized by the court. In reply to Mr. Lisman's argument that there was a complete lack of evidence on count 1,

1. "§ 2312. Transportation of stolen vehicles

"Whoever transports in interstate or foreign commerce a motor vehicle or aircraft, knowing the same to have been stolen, shall be fined not more than $5,-000 or imprisoned not more than five years, or both. June 25, 1948, c. 645, 62 Stat. 806."

the court said: "There isn't a complete lack. I have to say that it is kind of scant, though." In our opinion it was too scant to be submitted to the jury.

There was no direct evidence to connect appellant with the transportation or theft of the Buick. A witness for the prosecution, B. J. Woodmansee, testified that he himself stole the Buick and drove it from Littleton, N. H. to Burlington, Vt. on Friday night, March 10. He stated that he was not accompanied by Ploof but by an individual called Chubby Begins and that he got from Begins the $350 "to boot" needed to make the trade of the Buick for the Ford on Saturday, March 11. These statements regarding Begins were false.[2] But their falsity can support no inference that Ploof had anything to do with the interstate transportation of the Buick on March 10.

■ Two F.B.I. agents testified that Woodmansee made to them a statement contrary to his testimony that Ploof did not accompany him to Littleton on the night of March 10. This hearsay evidence was brought out in an effort to impeach Woodmansee's credibility, the court having ruled that he was a hostile witness. Of course it was not evidence on the issue of Ploof's guilt, and the court properly so instructed the jury.[3]

There was also testimony that toward noon on Saturday, March 11, a man representing himself as Mr. Caswell brought the Buick to Val Preda's Motors in Burlington and Val Preda's salesmen traded the Ford for the Buick plus $350 in cash "to boot." It was supposed that the car was a 1959 Buick. When Mr. Trepanier, general sales manager of Val Preda, discovered later on Saturday that it was a 1960 Buick, he became suspicious, and thereupon notified the State Police that he had a questionable car in the lot. Woodmansee testified that he

signed and had notarized the Bill of Sale for the Ford (Exhibit 6) in the name of Arthur J. Caswell. It was made out to "Charlotte Auto Sales," the name in which Ploof conducted his used car business. Ploof testified that he bought the Ford from a Mr. Caswell whom he had never seen before. There was also testimony that Ploof and Woodmansee had known each other for several years. Of course the jury was not obliged to believe Ploof's testimony; but even if they concluded he knew that Caswell was Woodmansee, this would not justify an inference that he had participated in stealing the Buick and transporting it in interstate commerce.

The only other evidence relied upon by the prosecution is the testimony of Riley, a garageman who had done some work for Ploof. Riley testified that Ploof called him on March 15 to request his assistance in constructing an alibi for Saturday night, March 11, when Ploof talked with "Caswell" about purchasing the Ford. But this shows no consciousness of guilt with respect to the theft and interstate transportation of the Buick on Friday night.

■■ Appellant cites a Vermont decision setting out a standard for testing the sufficiency of circumstantial evidence, namely that the circumstances must be such as to exclude every inference other than that of defendant's guilt.[4] However, as stated in United States v. Tutino, 2 Cir., 269 F.2d 488, 490, "This circuit has never held that circumstantial evidence, to be sufficient to convict, must exclude every reasonable hypothesis of innocence to be drawn from the evidence." Even so, we find the evidence insufficient to warrant submission of count 1 to the jury. The judgment of conviction on count 1 must be reversed, and that count dismissed.

---

2. Witnesses for the prosecution proved that Begins was in jail on March 10 and several succeeding days. At the time of the trial Begins was deceased.

3. See N. L. R. B. v. Quest-Shon Mark Brassiere Co., 2 Cir., 185 F.2d 285, 289;

Tripp v. United States, 10 Cir., 295 F.2d 418, 424–425 and cases there cited.

4. State v. Sanford, 118 Vt. 242, 108 A.2d 516.