## State of Vermont v. Joseph Fournier

[193 A.2d 924]

May Term, 1963

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed July 1, 1963

*Harry L. Goetz,* Grand Juror for the City of Winooski, for the State.

*Cain & O'Brien* for the respondent.

**Hulburd, C. J.** The respondent was tried and convicted, under 23 V.S.A. §1183, of operating a motor vehicle upon a public highway while under the influence of intoxicating liquor. During the course of the trial, the prosecuting officer, the grand juror of the City of Winooski, sought to inquire of the respondent on cross-examination whether he had been convicted before of driving while under the influence of intoxicating liquor. The complaint did not charge the re-

spondent with a second offense. Counsel for the respondent objected to the question. The prosecutor stated that the evidence was offered as bearing on the credibility of the respondent. The trial court admitted the evidence on that basis, and rejected the contention of the respondent that the crime of operating a motor vehicle while under the influence of intoxicating liquor was not one involving moral turpitude.

By statute it is provided that "The conviction of a crime involving moral turpitude within fifteen years shall be the only crime admissible in evidence given to affect the credibility of a witness." 12 V.S.A. §1608. The propriety of the trial court's ruling, therefore, depends on whether it was correct in holding that the crime in question was one involving moral turpitude. *State* v. *Russ,* 122 Vt. 236, 167 A.2d 528.

We have not had occasion in this Court to pass on the question of whether convictions of drunken driving, so-called, are convictions of offenses involving moral turpitude. In *Underwood* v. *Gray,* 94 Vt. 58, 108 Atl. 513, this court held that a prior conviction of an assault upon a person was not an offense involving moral turpitude. It did not attempt to lay down any definition upon which it reached this conclusion.

When the legislature passed the statute in question relating to evidence of prior convictions, it obviously intended to restrict the prosecution in what it could show. Not every crime was to be admissible. The mere fact that a man had been found guilty of a crime was not to be enough. It must be a crime "involving moral turpitude." What the legislature is saying is that merely undesirable social conduct which has been made criminal should not be taken as evidence tending to discredit a man. The conduct must not only be socially undesirable which the law has made criminal, but it must, by its nature, be base or depraved. See 14 Am. Jur. §5, p. 757; 22 C.J.S. §8. The legislature undoubtedly intended to employ the distinction commonly observed between crimes *mala in se,* and crimes *mala prohibita.* It was only the former which it regarded as carrying sufficient taint to render a witness, previously so convicted, open to question on his credibility.

It may be, in some future time, that sufficient opprobrium will attach to the crime of operating a motor vehicle while under the

influence of intoxicating liquor as to make its commission *malum in se*. That cannot be said to be the case today, undesirable as such conduct may be. Although we have had no occasion to pass on the nature of a conviction of this particular crime in this state, it has been dealt with in other jurisdictions. It seems to be uniformly held by the courts that have passed on the question that offenses of drunken driving are not convictions of crimes involving moral turpitude. See *Groves* v. *State,* 175 Ga. 37, 164 S.E. 822; *State* v. *Deer,* Ohio Com. Pl., 129 N.E.2d 667; *Flowers* v. *Benson Co. Beer Bd.,* 202 Tenn. 56, 302 S.W.2d 335, 339; *Traders & General Ins. Co.* v. *Russell,* Tex. Civ. App., 99 S.W.2d 1079, 1084.

█ It follows that the trial court was in error when it allowed the prosecution to show a previous conviction of driving while under the influence of intoxicating liquor to affect the respondent's credibility. The court's ruling that such a conviction was for a crime involving moral turpitude cannot be sustained. We have no doubt that the natural effect of the evidence so admitted was prejudicial to the respondent and necessitates a new trial. *State* v. *Garceau,* 122 Vt. 303, 306, 170 A.2d 623.

*Judgment reversed and cause remanded.*