**UNITED STATES of America,**
**Appellee,**

v.

**Bernard James WOODMANSEE,**
**Appellant.**

**No. 169, Docket 29908.**

United States Court of Appeals
Second Circuit.

Argued Dec. 8, 1965.

Decided Dec. 28, 1965.

Thomas P. Whalen, Asst. U. S. Atty., Joseph F. Radigan, U. S. Atty., Dist. of Vermont, for appellee.

Joseph S. Wool, Burlington, Vt., for appellant.

Before LUMBARD, Chief Judge, and FRIENDLY and SMITH, Circuit Judges.

PER CURIAM:

Bernard James Woodmansee appeals from a conviction on trial to the jury in the District of Vermont, Ernest W. Gibson, Judge, for obstruction of justice, 18 U.S.C. § 1503. We find no error and affirm the conviction.

One Hendee was a witness for the prosecution in a Dyer Act case in which Woodmansee was charged. See United States v. Ploof, 311 F.2d 544 (2 Cir. 1963). Woodmansee pleaded guilty and testified falsely at the trial. He received sentences of one year for the Dyer Act offense and six months additional when convicted for the perjury. After release from confinement he encountered Hendee and assaulted him for his part in the prosecution. Woodmansee attacks the trial in three respects, a charge on failure to testify given without request, comment by the court on the credibility of a witness, one Godin, and the sufficiency of the evidence. We find no merit in any of these grounds of appeal. The evidence of the assault, and of Woodmansee's remarks as to his reasons for it was plainly sufficient. Judge Gibson's comment on his disbelief in Godin's testimony of his lack of memory of the events was within the compass of the right of a judge in a trial in the Federal Courts to comment on the evidence. United States v. Dilliard, 101 F.2d 829, 835–836 (2 Cir. 1938), cert. denied, 306 U.S. 635, 59 S.Ct. 484, 83 L.Ed. 1036 (1939), United States v. Bob, 106 F.2d 37, 40–41 (2 Cir.), cert. denied, 308 U.S. 589, 60 S.Ct. 115, 84 L.Ed. 493 (1939), Daniels v. Goldberg, 173 F.2d 911, 917 (2 Cir. 1949), United States v. Aaron, 190 F.2d 144 (2 Cir.), cert. denied, sub nom. Freidus v. United States, 342 U.S. 827, 72 S.Ct. 50,

236

96 L.Ed. 626 (1951). The judge's volunteering of a correct instruction as to a defendant's failure to take the stand is not reversible error, although it is better practice not to give it unless requested by a defendant. Becher v. United States, 5 F.2d 45, 49 (2 Cir. 1924). United States v. Garguilo, 310 F.2d 249, 252 (2 Cir. 1962).

The judgment is affirmed.