## State of Vermont v. Edward Grant, Jr.

[ 243 A.2d 767 ]

April Term, 1968

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed June 4, 1968

*James W. Wright,* State's Attorney, for the State.

*James Fitzcharles, Esq.,* for the Defendant.

**Shangraw, J.** At a session of the Windsor District Court held in October 1967, the respondent, Edward Grant, Jr. was tried by a jury and convicted of a violation of the fish and game laws of Vermont, 10 V.S.A. §4745. The complaint alleged that the respondent did "* * * take a wild deer by the aid of an artificial light * * *." Judgment was entered on the verdict. The respondent has appealed.

We are immediately confronted with a road-block which does not permit an affirmance of this conviction. The respondent did not testi-

fy, and in commenting on his failure so to do the trial court charged as follows:

"The respondent has not taken the witness stand in this case. The statute makes him a competent witness at his own request, but not otherwise."

Without a doubt the court had in mind 13 V.S.A. §6601 which reads:

"In the trial of complaints, information, indictments and other proceedings against persons charged with crimes or offenses, the person so charged shall, at his own request and not otherwise, be deemed a competent witness. The credit to be given to his testimony shall be left solely to the jury, under the instructions of the court but the failure of such person to testify shall not be a matter of comment to the jury by either the court or the prosecutor and shall not be considered by the jury as evidence against him."

The respondent's objection to the charge was by way of a "general exception" which did not specifically refer to the error which he now claims. See, *Pond* v. *Carter,* 126 Vt. 299, 310, 229 A.2d 248; *State* v. *Stone,* 124 Vt. 215, 216, 201 A.2d 703; *State* v. *Hood,* 123 Vt. 273, 277, 187 A.2d 499, 11 A.L.R.3d 732. However, the error assigned here concerns the respondent's constitutional privilege of remaining silent, free from adverse comment by court or prosecutor. *Griffin* v. *State of California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, 110. In view of the error claimed and its importance to the conduct of criminal trials in this jurisdiction, we will consider it.

Without request and restricting the language of the statute, the court elected to comment on the competency of the respondent to testify, and his failure to do so. Compare *State* v. *Goyet,* 120 Vt. 12, 72-74, 132 A.2d 623. Respondent now urges that it then became the trial court's duty to follow through and state that his failure to testify should not be considered by the jury as evidence against him. In this, the respondent claims error affecting his fundamental rights.

It is very possible that a jury will, despite instruction, draw an adverse inference from an accused's failure to testify. There is nothing in the statute which protects a respondent from an unfavorable inference which the jury might naturally draw from the exercise of his privilege to remain silent. The choice, of course, is his.

Nevertheless, our statute, §6601, *supra,* provides that the failure of a respondent "to testify shall not be a matter of comment to the jury by either the court or the prosecutor and shall not be considered by the jury as evidence against him." This statute is primarily intended to prevent the jury from considering the accused's failure to testify as an inference of guilt.

■■ According to the spirit of the statute, the trial court could have abstained from any comment concerning the respondent's competency as a witness and his choice not to testify, unless requested by the accused to explain his right of silence. But once the court undertook to point up the fact that the respondent had not taken the stand, although the statute made him competent to do so, it then became the court's duty to instruct that such failure to testify should not be considered by the jury as evidence against him. *Bruno* v. *United States,* 308 U.S. 287, 60 S.Ct. 198, 84 L.Ed. 257. See also, *State* v. *Goyet, supra,* 120 Vt. 12, 71, 132 A.2d 623. Absent this caution, the court's comment on the point permitted the jury to draw adverse inferences from the accused's assertion of his constitutional right to remain silent. *Griffin* v. *State of California, supra,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d at 110. It left the jury without guidance in a situation prejudicial to the respondent. *State* v. *Goyet, supra,* 120 Vt. at 71, 132 A.2d 623.

■ In these circumstances, the State has not established that the erroneous comment and instruction were harmless and did not contribute to the conviction. *Fontaine* v. *California* (April 8, 1968), 390 U.S. 593. 88 S.Ct. 1229, 20 L.Ed.2d 154, 157; *Chapman* v. *State of California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, 711. Accordingly, we hold that a new trial must be ordered to afford the respondent a new trial free from adverse inferences forbidden by statutory and constitutional limitations.

*Judgment reversed, verdict set aside and cause remanded.*