## State of Vermont v. John Emrick

[278 A.2d 712]

No. 78-70

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed June 1, 1971

*Kimberly B. Cheney,* State's Attorney, and *Robert W. Gagnon,* Deputy State's Attorney, for the State.

*Edwin W. Free, Jr.,* Barre, for Defendant.

**Keyser, J.** The respondent was charged with three counts of breaking and entering into separate residences in the daytime with intent to commit larceny therein. Upon trial the jury returned verdicts of guilty on Counts 1 and 2, and not guilty on Count 3. Respondent's appeal is from the judgment entered on the guilty verdicts.

The respondent contends that the court erroneously charged the jury as follows:

> "In this case, the Respondent, John Emrick, did not take the stand. The Law makes him a competent witness at his own request and not otherwise. It is his constitutional right and the fact he has availed himself of his right and has not testified is not to be held against him and not to be considered as evidence against him. The fact he exercised his right not to take the witness stand is not to be used against him."

The respondent did not testify or offer any evidence in his defense. The instruction to the jury was given by the court *sua sponte.*

The question here sought to be raised has already been presented, and passed upon, in our state and federal jurisdiction. *United States* v. *Woodmansee,* 354 F.2d 235 (2d Cir. 1965); *State* v. *Grant,* 127 Vt. 168, 243 A.2d 767 (1968); *State* v. *Goyet,* 120 Vt. 12, 132 A.2d 623 (1957).

In the *Woodmansee* case, the Circuit Court of Appeals held that "The judge's volunteering of a correct instruction as to a defendant's failure to take the stand is not reversible error, although it is better practice not to give it unless requested by a defendant."

In the *Grant* case the respondent did not testify. The trial court, without request, elected to charge the jury that "The respondent has not taken the witness stand in this case. The statute makes him a competent witness at his own request, but not otherwise."

The statute referred to and in effect at the time of that trial is 13 V.S.A. § 6601 which reads as follows:

> "In the trial of complaints, informations, indictments and other proceedings against persons charged with crimes or offenses, the person so charged shall, at his own request and not otherwise, be deemed a competent witness. The credit to be given to his testimony shall be left solely to the jury, under the instructions of the court but the failure of such person to testify shall not be a matter of comment to the jury by either the court or the prosecutor and shall not be considered by the jury as evidence against him."

We said in the *Grant* case that once the court undertook to point up the fact that the respondent had not taken the stand, it was duty bound to instruct that such failure to testify should not be considered by the jury as evidence against him. In that case, the court failed to give this instruction and we held this was prejudicial error. We further said—"According to the spirit of the statute, the trial court could have abstained from any comment concerning the competency as a witness and his choice not to testify, unless requested by the accused to

explain his right of silence." The indicated effect of our holding in the *Grant* case is that the charge when correctly given is not prejudicial error but that the jury should not be instructed in this aspect of a case unless requested to do so by the respondent.

In *State* v. *Goyet, supra,* the respondent did not take the witness stand. The trial court instructed the jury (120 Vt. at 66) in somewhat of the same language as in the instant case. At the time of that trial 13 V.S.A. § 6601 was in its present form by the enactment of No. 98 of the Acts of 1955. The respondent claimed the charge was in violation of this statute. After a review of the history of the statute and the several cases wherein the charge under the statute was questioned, we held that "(I)t was proper for the court to direct and admonish the jury in the language of the statute as was done" and further that "(T)he instruction as given was proper." (120 Vt. at 72).

The respondent in support of his claim cites the case of *Griffin* v. *California,* 380 U.S. 609, 14 L.Ed.2d 106 (1965). The court held that "The Fifth Amendment, in its direct application to the Federal Government, and in its bearing on the States by reason of the Fourteenth Amendment, forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt." It is crystal clear that the *Griffin* case did not go beyond the point of condemning an instruction by the court or comment by the prosecution which serves to give the silence of an accused any coloration of evidence against him. The situation in the case at bar is readily distinguishable with the *Griffin* case. Here the instruction carefully pointed out that the silence of the respondent "is not to be held against him and not to be considered as evidence against him" and "is not to be used against him." This cautious instruction was a clear statement of the law and not in derogation of the rule laid down in the *Griffin* case.

In *State* v. *Wallace,* 261 Iowa 104, 152 N.W.2d 266 (1967), the defendant contended that unless a defendant requests such an instruction (as here involved) it is error. He also argued that such an instruction highlights and emphasizes the fact that the accused did not take the stand and therefore it was an improper comment which tended to create an adverse pre-

sumption against him. The court said, however, 152 N.W.2d at 270: "The authority is all the other way. (Authorities cited)." See also *United States* v. *Garguilo* 310 F.2d 249, 252 (2d Cir. 1962).

The issue involved in the instant case was before the Arizona Supreme Court in *State* v. *McAlvain*, 104 Ariz. 445, 454 P.2d 987 (1969). There the court took the same position as that expressed in *United States* v. *Woodmansee, supra.* It said, 454 P.2d at 990: "It is our position that it is better practice for the trial judge to give the instruction only if it is requested by the defendant, but it is not reversible error if the instruction is given without request."

We are of the firm opinion that the better procedure is for the trial court to ascertain the position of a respondent who has not testified to determine whether he desires that the instruction be given and then give the instruction only when it is requested by him. This places the burden of choice on the respondent rather than the court to decide whether the jury shall be instructed as to the respondent's rights under the statute. This decision is where it should rest in fairness to the respondent. He may feel that under the facts appearing in his case such an instruction would be prejudicial or, on the other hand, that it might be helpful or favorable to him if given. It should be for him to elect whether or not the instruction shall be given to the jury.

*Judgment affirmed. Let execution of sentence be done.*