## State of Vermont v. Anthony Persuitti

[346 A.2d 208]

No. 136–73

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed October 7, 1975

*Francis X. Murray, Esq.*, State's Attorney and *John J. Bergeron, Esq.*, Deputy State's Attorney, Chittenden County, for State.

*Richard C. Blum, Esq.*, Burlington, for Defendant.

**Smith, J.** The defendant, Anthony Persuitti, is charged by the State of Vermont with violations of 13 V.S.A. § 1201 (breaking and entering into a dwelling house in the nighttime) and 13 V.S.A. § 2503 (larceny from the person), both crimes allegedly having taken place in the home of Frederick Spencer in South Burlington, Vermont.

At the time of trial, on May 9, 1972, the lower court granted the motion of the State to consolidate both charges for trial over the objections of the defendant, a jury was drawn, and trial proceeded. After the jury had returned a verdict of guilty on the breaking and entering charge, the lower court dismissed the larceny charge with prejudice.

The incident upon which the charges against the defendant are based came about as a result of three masked men entering the Spencer home on the night of September 12–13, awakening and binding up Mr. and Mrs. Spencer, and stealing certain items of personal property. Much of the testimony offered by the State was that of a Michael Derouchie, who testified for the State in exchange for immunity. Derouchie testified that the defendant participated in the break-in on the night in question.

The Spencers were unable to identify the defendant or other persons who allegedly participated in the break-in because all the participants were wearing masks. However, Mr. Spencer did notice that one of the participants had a very large stomach, a physical characteristic of the defendant at the time of the alleged break-in.

The defendant has here raised four claims of error in the proceedings below. Because it is necessary for us to reverse and remand for a new trial on one of the points raised, we need not consider at any length the other claims of error, it not being likely that such claimed errors will again occur.

The error raised by the defendant upon which reversal and remand must be granted is in the matter of the charge given to the jury. The defendant did not take the stand in his own defense. At the close of the evidence in the case the court inquired of the defendant whether he wished the court to instruct the jury relative to his failure to testify in his own behalf.

13 V.S.A. § 6601 provides:

> In the trial of complaints, informations, indictments and other proceedings against persons charged with crimes or offenses, the person so charged shall, at his own request and not otherwise, be deemed a competent witness. The credit to be given to his testimony shall be left solely to the jury, under the instructions of the court but the failure of such person to testify shall not be a matter of comment to the jury by either the court or the prosecutor and shall not be considered by the jury as evidence against him.

In *State* v. *Emrick*, 129 Vt. 330, 333, 278 A.2d 712 (1971), this Court, through Justice Keyser, stated:

> We are of the firm opinion that the better procedure is for the trial court to ascertain the position of a respondent who has not testified to determine whether he desires that the instruction be given and then give the instruction only when it is requested by him. This places the burden of choice on the respondent rather than the court to decide whether the jury shall be instructed as to the respondent's rights under the statute. This decision is where it should rest in fairness to the respondent. He may feel that under the facts appearing in his case such an instruction would be prejudicial or, on the other hand, that it might be helpful or favorable to him if given. It should be for him to elect whether or not the instruction shall be given to the jury.

The error below was that, while the lower court did properly inquire of the defendant whether such instruction should be given, and received an affirmative answer, such instruction was never given in the charge to the jury. The

error was not that of the court, alone. Counsel for the defendant failed to call to the attention of the court this omission in its charge, so that the error can be said to be shared. But this is a criminal case, in which the defendant was charged with a serious felony, and he did not receive the benefit of the charge which he had requested, and to which he was entitled upon such request. The fact, apparent from the record, that some controversy and confusion ensued in the trial, just prior to the charge, may well have resulted in the acts of omission on the part of both the trial court and counsel for the defendant. But the defendant did not get the instruction to which he was entitled by his request, and this must result, as a matter of justice, in a remand and new trial.

Defendant also objected to being tried at the same time on both larceny and breaking and entering charges. However, the lower court dismissed the larceny charge with prejudice, so that if there were error in the defendant being tried simultaneously on both charges, which we do not consider, it will not occur in the new trial.

Claims are also made of reversible error by comments of the State's Attorney made during argument on the failure of the defendant to produce certain witnesses. When a new trial is held, both the State and the defendant will have ample notice from the former proceedings of the identity of such witnesses and the opportunity to produce them.

*Reversed and remanded for a new trial.*