## State of Vermont v. Franklin M. Batchelor

[376 A.2d 737]

No. 340-75

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed June 7, 1977

*John A. Rocray,* Windham County State's Attorney, Brattleboro, for Plaintiff.

*John S. Burgess,* Brattleboro, for Defendant.

**Larrow, J.**   Appellant was convicted below, after jury trial, of violation of 23 V.S.A. § 1201(a)(1), by operating a motor vehicle on a public highway in the Town of Wilmington with .10 per cent or more of alcohol in his blood, as shown by chemical analysis of his breath. He briefs claimed error in failing to grant his motion for judgment of acquittal, refusal to grant his motion for mistrial, and errors in the charge to the jury; all raised, as he claims, by a timely motion for new trial.

■   We note at the outset that the purported motion for a new trial was not timely filed under V.R.Cr.P. 33, requiring such filing within 10 days from date of verdict. Appellant argues that the time should run from date of judgment, but such is not the rule, and under V.R.Cr.P. 45(b), the time may not be enlarged. We do not, therefore, review the discretion of the trial court in denying the motion, but simply determine whether the claimed errors, if seasonably objected to otherwise, merit reversal as a matter of law.

We consider first those claimed errors which, if sustained, would require a judgment of acquittal. Appellant says that the State (a) did not prove operation of a motor vehicle on a public highway in the Town of Wilmington, (b) did not offer evidence showing blood alcohol content *by weight* in excess of .10 per cent, (c) did not show the chain of evidence to have been properly preserved, and (d) deprived him of his statutory right to obtain a breath sample for independent analysis. We find no merit to any of these contentions.

A reading of the record does indeed indicate some confusion about the precise location of the site where appellant was *arrested.* But it is quite clear that he was first noted by the arresting officer, who identified him, at a point in the center of Wilmington, and trailed, to the point of arrest, along route U.S. 9. This is clearly operation within the Town of Wilmington, as charged, and the point of arrest is neither particularly *important or controlling.*

The record also indicates that the expert called by the State testified to a blood alcohol content *by weight* of .26 per cent, in response to the first question asked him on this point. That later answers failed to use those specific words is not material; no other standard was referred to, and it seems quite  clear that the general testimony was, fairly viewed, couched in the statutory terms. We also note a clear chain of testimony relating to sample preservation, from taking by the arresting officer

through certified mail transmission, receipt and testing. The certified mail receipt was admitted without objection, subject to connecting up, and there was no later motion to strike. Test results came in without objection.

The record also shows that appellant was advised of his statutory right to a breath sample for his own independent analysis. It is barren of any testimony that he ever requested one. And we find appellant's contention that no such sample was preserved to be without merit. The State's expert did indeed use two samples in conducting his test, but there were *three* taken at time of arrest, a fact which appellant seems to ignore.

We are convinced that appellant's motion, made and renewed, for a judgment of acquittal, was properly denied, not because he incorrectly analyzes the law, but because the record does not support his factual contentions. There were no defects in proof in the respects he complains of, and our attention must be directed to those claimed errors which would merit reversal rather than judgment of acquittal.

These claimed errors have, in our view, much more substance. They involve (a) admission over objection of testimony as to prior arrests for driving while intoxicated, and denial of resulting motion for mistrial, (b) error in failing to inquire of appellant his choice as to jury instruction on his failure to take the stand, and (c) error in charging the jury relative to the statutory presumption of being under the influence of intoxicating liquor, set up by 23 V.S.A. § 1204(a)(3) where there is shown to be 0.10 per cent or more by weight of alcohol in a person's blood or breath.

During appellant's cross-examination of the arresting officer, without objection, counsel elicited that the officer had previously told appellant he had an alcoholic problem, presumably to show bias or prejudice on the officer's part. The State then, over vigorous objection, claiming a right to "show why" this statement had been made, elicited testimony about two previous arrests for driving while intoxicated, one of which had been reduced to careless and negligent driving. The officer also told of seeing appellant's vehicle at many local night clubs. A motion for mistrial was overruled, and only at the conclusion of the officer's testimony, upon the State's admission that "it could be prejudicial to the case," were the jury instructed to disregard the statements. Later, without request, the court in

its charge magnified the importance of the whole matter by direct inquiry as to whether any juror could not disregard this testimony, and a request to let it be known then if such was the case.

We have twice had recent occasion to review the admissibility of testimony as to prior offenses. *State* v. *McMann*, 133 Vt. 288, 336 A.2d 190 (1975); *State* v. *Zeisner*, 133 Vt. 375, 340 A.2d 69 (1975). Exclusion is the rule, and admission the exception. Without again reviewing the several exceptions, we hold that none are here applicable, and that we are confronted again with prosecutorial "over-kill." The offenses here (indeed, only one, since the second charge was reduced) show only a general tendency to commit offenses like the one charged. Not involving moral turpitude, they were not under 12 V.S.A. § 1608 admissible to affect credibility, even had they been offered for that purpose and proved by records of conviction. We cannot accept the trial court reasoning that the appellant had "opened up" this whole matter. He had merely showed, quite properly, admitted prejudice against himself as affecting the testimony and actions of the arresting officer. Why such prejudice existed was not a matter for trial determination; the appellant, not the officer, was on trial. Reversal is required by this error, standing alone.

This is not to hold that the other claims of error are not well taken. Certainly the appellant was not inquired of as to his choice of instruction on failure to take the stand, the "better procedure" approved in *State* v. *Emrick*, 129 Vt. 330, 333, 278 A.2d 712 (1971). He was not afforded the benefit to which we have held him entitled when requested. *State* v. *Persuitti*, 133 Vt. 464, 467, 346 A.2d 208 (1975). And a failure to object, as here, does not bar remand as a matter of justice. *Id.* at 467. We see a distinction, but no real difference, between *Persuitti*, where a request for instruction was ignored, and this case, where no request was even made.

Moreover, the charge on presumption of being under the influence of intoxicating liquor was completely inappropriate. Based upon 23 V.S.A. § 1204(a)(3), the presumption arises from a 0.10 per cent by weight of alcohol in blood or breath. But it applies to a prosecution or other suit based on driving under the influence. Such is not the complaint in the instant case, and

charging the presumption can have no tendency other than to confuse. It confused the State, which requested the charge, and it confused the court, which merely compounded the error by repeating it when objection was made. Confronted with other errors requiring reversal, we are not called upon to decide the prejudicial effect of this one.

*Judgment reversed, and cause remanded.*