## State of Vermont v. Jerry Bushey

[457 A.2d 279]

No. 265-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed February 7, 1983

*Susan L. Fowler,* Chittenden County Deputy State's Attorney, and *Robert Andres,* Law Clerk (On the Brief), Burlington, for Plaintiff-Appellee.

*Andrew B. Crane,* Defender General, *William A. Nelson,* Appellate Defender, and *Nancy E. Kaufman,* Acting Appellate Defender, Montpelier, for Defendant-Appellant.

**Hill, J.** Defendant appeals his conviction after trial by jury of operating a motor vehicle while under the influence of intoxicating liquor (DUI) in violation of 23 V.S.A. § 1201(a) (2). Subsequent to sentencing, defendant filed a timely notice of appeal. We reverse.

Briefly stated, the facts are as follows. At approximately 2:00 a.m. on December 5, 1980, a police officer observed defendant operating a truck traveling westbound on Pearl Street in Essex Junction in excess of the posted 35 m.p.h. speed limit. The officer immediately pursued the vehicle. Unaware that he was being followed, defendant shortly thereafter pulled into a

small parking area to help a companion, traveling in the vehicle ahead of his, who had fallen ill.

Upon arriving at the scene, the police officer approached defendant and quickly detected a moderate amount of alcohol on his breath. In addition, the officer testified that defendant's eyes were watery, his speech was slurred, and that he was unable to perform a number of dexterity tests. Based upon such observations, the officer formed the opinion that defendant had been driving while under the influence of intoxicating liquor, and transported him to the Essex Junction police station for DUI processing. At the station, defendant consulted with an attorney, and refused to supply a sample of his breath for analysis.

The sole issue raised on appeal is whether defendant was prejudiced by a showing at trial that he had been convicted twice previously of driving while under the influence. Specifically, defendant's exception relates to statements made by the arresting officer while being examined by the deputy state's attorney concerning defendant's refusal to take the breath test:

Q. [D]id the defendant consent to the test?

A. No, he had a smile, and he said,—I had his record in front of me, his driving record—

Defense Counsel: I . . . object. I think this is prejudicial.

Trial Court: We will sustain the objection to that line.

Q. Officer . . . , would you just tell me,—first of all, did the defendant consent to take the test?

A. No, he didn't.

Q. Did he give you a reason for not taking the test?

A. Yes, he did.

Q. And what was that reason?

A. He felt that because of it being DWI three—

At this point, defense counsel immediately objected and moved for a mistrial. Although the trial court struck the answer from the record, it refused defendant's motion for a mistrial, and never issued a cautionary instruction to the jury, save

for its final instructions that excluded evidence may not be considered. The essence of defendant's argument is that by adducing police testimony that defendant had two prior convictions for driving while intoxicated, the prosecution irreparably prejudiced defendant's right to a fair trial. We agree.

■ There is no doubt that the police officer's testimony regarding the two prior convictions was inadmissible. 12 V.S.A. § 1608 provides, in pertinent part, that "[t]he conviction of a crime involving moral turpitude within fifteen years shall be the only crime admissible in evidence given to affect the credibility of a witness." Since drunken driving convictions are not convictions of crimes involving moral turpitude, their admissibility for impeachment purposes is clearly prohibited. *State* v. *Batchelor*, 135 Vt. 366, 369, 376 A.2d 737, 740 (1977); *State* v. *Fournier*, 123 Vt. 439, 441, 193 A.2d 924, 925 (1963).

■■ Moreover, this Court has consistently held that "evidence of prior convictions is not admissible for the purpose of showing that a defendant in a criminal trial is 'the type of person who would do such a thing.' " *State* v. *Moran*, 141 Vt. 10, 19–20, 444 A.2d 879, 884 (1982); *State* v. *Batchelor, supra*, 135 Vt. at 369, 376 A.2d at 740. Indeed, in *Batchelor*, a case also involving the elicitation of testimony by the State that the accused had two prior convictions for driving while intoxicated, this Court succinctly stated:

> We have twice had recent occasion to review the admissibility of testimony as to prior offenses. Exclusion is the rule, and admission the exception. Without again reviewing the several exceptions, we note that none are here applicable, and that we are confronted again with prosecutorial "over-kill." The offenses here . . . show only a general tendency to commit offenses like the one charged. Not involving moral turpitude, they were not under 12 V.S.A. § 1608 admissible to affect credibility, even had they been offered for that purpose and proved by records of conviction.

*Id.* at 369, 376 A.2d at 740 (citations omitted). The reasons for exclusion are obvious, for "[t]o project the issue of the

accused's former conviction(s) into the trial for a subsequent offense, before verdict, practically deprives the respondent of the legal presumption of innocence, inevitably prejudices the jury against him, and takes from him his constitutional right to be convicted only by the judgment of his peers and due process of law." *State* v. *Cameron,* 126 Vt. 244, 250, 227 A.2d 276, 280 (1967).

 Notwithstanding the State's argument that the officer's testimony constituted an admission of guilt by defendant, a thorough review of the record instead reveals a clear and calculated attempt on the part of the State to elicit the testimony for the purpose of showing defendant's apparent propensity to drive while intoxicated. Despite the trial court's early recognition of the prejudicial impact of the State's line of questioning, as evidenced by its decision to sustain defense counsel's objection, the State nevertheless proceeded to elicit the testimony. As recently noted, "[g]iven the clarity of Vermont's law on the subject of referring to prior offenses, it is difficult to imagine why a prosecutor would jeopardize an important case with improper referrals to a prior trial," *State* v. *Smith,* 140 Vt. 247, 256, 437 A.2d 1093, 1097 (1981) (citations omitted), since standing alone, "[r]eversal is required by this error." *State* v. *Batchelor, supra,* 135 Vt. at 369, 376 A.2d at 740; *State* v. *Fournier, supra,* 123 Vt. at 441, 193 A.2d at 925 (citing *State* v. *Garceau,* 122 Vt. 303, 306, 170 A.2d 623, 626 (1961)).

Furthermore, contrary to the State's contention that such error was harmless in view of the overwhelming evidence of guilt, our reading of the record indicates a sharply contested case which could have been decided either way. Thus, since "[t]he evidence of the defendant's guilt was not so overwhelming that we can say the judgment was not affected substantially by the error," *State* v. *Moran, supra,* 141 Vt. at 20, 444 A.2d at 884, the judgment of conviction must be reversed and the cause remanded for a new trial.

*Reversed and remanded for a new trial.*