## State of Vermont v. Geoffrey G. Trask

[533 A.2d 1185]

No. 85-361

Present: **Allen, C.J., Peck, J., and Barney, C.J. (Ret.), Keyser, J. (Ret.), and Costello, D.J. (Ret.), Specially Assigned**

Opinion Filed August 14, 1987

*Shelley A. Hill*, Windsor County State's Attorney, and *M. Patricia Zimmerman*, Law Clerk (On the Brief), White River Junction, for Plaintiff-Appellee.

*Carolyn Tonelli* of *Richard E. Davis Associates, Inc.*, Barre, for Defendant-Appellant.

**Barney, C.J.** (Ret.), Specially Assigned. The defendant was charged and convicted by a jury of two offenses. One count of the information charged him with driving while his license was suspended, and the second count charged him with driving while intoxicated. All essential elements of each charge were conceded except for the issue of operation of the vehicle. The defendant claimed his wife was driving.

The defendant contends that the prosecution used prior convictions and a reference to his driving record in a manner so prejudicial it was error to deny his motion for a new trial. We disagree and affirm the convictions.

The evidence of operation was conflicting. The arresting trooper saw the defendant exit from the driver's side when he stopped the vehicle. Until that point he could not say which of the two persons in the car was the operator. During the processing for driving while intoxicated the defendant made a statement that he had been driving for five to ten minutes preceding the stop.

At trial the defendant and his wife testified that she was the operator, and that she stopped so that he could engage the vehicle's four-wheel drive. The conflict in the testimony was for the jury to resolve, based on its determination of the relative credibility of the witnesses. See *State* v. *Sorrell*, 139 Vt. 648, 651, 432 A.2d 1188, 1190 (1981).

The complaint of the defendant is that, because of the trial errors, the jury's evaluation of his credibility was unfairly affected. At a conference in chambers the parties stipulated to the fact that the defendant's license was under suspension, and that stip-

ulation was communicated to the jury. The State's witness was cautioned not to state the basis for the suspension. On direct examination the arresting officer testified that, on making a record check at the time of the stop, he discovered that the defendant's license was under suspension "for several reasons."

When that occurred the defendant moved, at the bench, for a mistrial. The trial court denied his motion on the basis that the fact of suspension had been stipulated to and the stipulation had been read to the jury. The court also instructed the jury to disregard the trooper's remark.

The defendant's position is that the comment "for several reasons" in connection with license suspension was irreparably prejudicial. His contention is based on *State* v. *Bushey*, 142 Vt. 507, 509-10, 457 A.2d 279, 280-81 (1983).

In *Bushey*, reversal resulted when testimony was improperly elicited showing previous convictions of driving while intoxicated. Such convictions, as *Bushey* indicates, were both inadmissible as convictions relating to credibility, and as prejudicial evidence that might be taken by the jury as information indicating that the defendant was more likely to have driven while intoxicated on this occasion, since he had obviously done so before. *Bushey*, 142 Vt. at 510, 457 A.2d at 286.

*Bushey* is distinguishable from this case. The remark of the trooper can hardly be said to focus on driving while intoxicated, since license suspension can be based on a number of different situations. A number of illustrations present themselves, such as a finding by the commissioner that the holder of a license is an improper or incompetent person to operate a motor vehicle, or is operating improperly so as to endanger the public, 23 V.S.A. § 671, or has failed to file proof of financial responsibility under 23 V.S.A. § 801, or has accumulated at least ten moving violation points in a two-year period under chapter 25 of Title 23 of Vermont Statutes Annotated. Although it would, of course, have been preferable to have no statement beyond the fact of suspension, the possibility of improper imputation of another driving while intoxicated offense is so slender that, when taken with the corrective instruction which the jury presumably followed, the denial of the mistrial and of the motion for new trial were without error.

The defendant also contends the trial court abused its discretion by allowing the admission of two eleven-year-old forgery convictions of the defendant for impeachment purposes. Certainly

his position cannot rest on the provisions of 12 V.S.A. § 1608, since the limits of that statute are set at fifteen years. What the defendant seems to be complaining about is what he sees as the court's failure to carry out the balancing operations set out in *State* v. *Gardner*, 139 Vt. 456, 460-61, 433 A.2d 249, 251-52 (1981).

■ The record does not bear him out. The issue of credibility was crucial here, since the defendant's testimony directly conflicted with that of the arresting officer. The crimes admitted certainly reflected upon the defendant's believability, since they were crimes of deception. Yet those crimes had no tendency to reinforce any juror's view as to the likelihood that the defendant made a practice of driving while intoxicated or while under suspension. It is appropriate for the trial court, in making its discretionary choice, to review the full criminal record of the defendant. Furthermore, in this case no other means of impeachment available to the prosecution appears in the record before us. Thus, the requirements of *Gardner* were satisfied and no abuse of discretion on the part of the trial court has been shown. *State* v. *Boucher*, 144 Vt. 276, 279-81, 478 A.2d 218, 220-21 (1984).

*Affirmed.*