## State of Vermont v. Robert W. LaRose

[408 A.2d 651]

No. 146-78

Present: Barney, C.J., Daley, Larrow and Hill, JJ., and Smith, J. (Ret.), Specially Assigned

Opinion Filed October 24, 1979

*John A. Rocray,* Windham County State's Attorney, and *Linda Levitt,* Deputy State's Attorney, Brattleboro, for Plaintiff.

*Weber, Fisher, Perra & Gibson,* Brattleboro, for Defendant.

**Barney, C.J.** After eight and a half hours of deliberation the jury found the defendant guilty of sexual assault, 13 V.S.A. § 3252(1)(B), of a girl that he picked up as a hitchhiker. The defendant asserts a number of errors in the receipt of evidence, plus the failure to prove one essential element of the case. The matter is here for review.

The trial began with testimony from a state trooper whose principal evidence was a recitation of the story he had been told by the complaining witness. The defendant repeatedly objected to its admission, finally moving for a mistrial on that ground, but being overruled in all cases.

This is, of course, classic hearsay: testimony by one witness as to what some other person told him offered to evidence the fact asserted. *In re P. F.*, 133 Vt. 64, 67, 329 A.2d 632 (1974). The rejection of such testimony rests on the difficulty of testing reliability. Acceptance usually depends on the right of cross-examination available to test at first hand the witness who recites evidence as of his own knowledge. In criminal law it can reach a constitutional level—the right of confrontation of witnesses referred to in the Sixth Amendment of the United States Constitution.

This is not the place for an exhaustive examination of the hearsay rule and the varying kinds of guarantees of reliability that sustain its various exceptions. Some hearsay is merely harmless, and won't support a claim of error. The crucial test for reversal is prejudice and it is present here.

When evidence is presented to a trier of fact, that body has the obligation to evaluate the credit and belief it will attach to the recital of facts. The protective aspect of cross-examination derives from the presence of the direct observer on the stand. Similarly, it is important that the evaluation of that observer as a credible person be attached to the giving of that testimony. Obviously the impact of testimony can be altered if it is repeated second-hand before a jury by some person whose own credibility is high. There may be times when this transmutation may be allowed to stand where, as here, the original witness does take the stand and is available for cross-examination. However, in the presence of over eight hours of deliberation by the jury and the extensive prior recitation of the testimony establishing the crime in the form of hearsay, the presence of later cross-examination of the actual witness cannot here retrieve the error. It is very like the circumstances of the hearsay condemnation in *Woodmansee* v. *Stoneman*, 133 Vt. 449, 457, 344 A.2d 26 (1975), and must be likewise condemned. Reversal is required.

■ By motion for a directed verdict at the close of the State's case the defendant contended that the prosecution had failed to establish an essential element of the crime sufficiently to go to the jury. The statute makes the acts of sexual assault criminal if the person assaulted is not the spouse of the defendant. The complaining witness was never asked

specifically as to whether she was the spouse of the defendant.

However, it was her testimony that the defendant was a complete stranger to her. The extended examination and cross-examination testing her identification of the defendant also tended to establish the lack of marital relationship between the two. No countervailing testimony was proffered. Although inartful, the evidence is sufficient to support the State's prima facie case. The issue raised with respect to the trial court's charge on the point requires no action by this Court since, as already noted, the case must be remanded for a new trial.

A number of other errors were alleged by the defendant. There is little likelihood they will recur in the same form on retrial, so they are not for disposition in this opinion.

*Judgment reversed and cause remanded.*