## State of Vermont v. Joseph LaPine

[527 A.2d 1150]

No. 86-009

Present: **Allen, C.J., Hill, Peck and Gibson, JJ., and
Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed March 6, 1987

*Shelley A. Hill*, Windsor County Deputy State's Attorney,
White River Junction, for Plaintiff-Appellee.

*Martin and Paolini*, Barre, for Defendant-Appellant.

**Per Curiam.** Two years after sentencing for a conviction for
sexual assault defendant petitioned for reconsideration of sen-
tence under 13 V.S.A. § 7042, and his petition was denied. We
affirm.

Central to defendant's case is his assertion of changed circum-
stances, notably his completion of the sexual offender program,
visits to a psychiatrist, and participation in work release. The
State responds that defendant's petition in effect seeks to use 13
V.S.A. § 7042 as an alternative to a parole hearing, and that
seems to be so. The purpose of reconsideration under § 7042 "is
to permit the trial judge to reconsider the sentencing decision ab-
sent the heat of trial pressures and in calm reflection . . . ."

*State* v. *Therrien*, 140 Vt. 625, 627, 442 A.2d 1299, 1301 (1982). Implicit in *Therrien* and the statute itself is the assumption that under consideration will be the circumstances and factors present at the time of the original sentencing, rather than defendant's conduct and behavior since sentencing. Sentence reconsideration and the parole process are two entirely different functions, and the trial court was correct to maintain the distinction.

*Affirmed.*