# State of Vermont v. Dean Derouchie

[568 A.2d 416]

No. 88-206

Present: Allen, C.J., Peck, Dooley and Morse, JJ., and Barney, C.J. (Ret.), Specially Assigned

Opinion Filed October 20, 1989

30

*Jeffrey L. Amestoy,* Attorney General, and *Susan R. Harritt,* Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*Walter M. Morris, Jr.,* Defender General, and *Henry Hinton,* Appellate Defender, Montpelier, for Defendant-Appellant.

**Dooley, J.** Defendant appeals his conviction of sexual assault pursuant to 13 V.S.A. § 3252(1)(C). He raises two errors on appeal: (1) that the doctor's hearsay account of the victim's version of events was erroneously presented to the jury over defendant's objection; and (2) that the trial court committed reversible error by permitting the State to present evidence that defendant had injected cocaine hours before the sexual assault. We affirm.

The victim testified at trial that her former boy friend, Dean Derouchie, appeared unannounced at her home in an inebriated

state during the early morning hours of July 31, 1987. She allowed him to enter her home because she was afraid, based on past experiences, that if she refused he would damage her property. She offered to let defendant sleep on the couch in the living room, and then returned to her own bedroom. A few minutes later, defendant came into her room and told her that he was going to make love to her with or without her consent. The victim attempted to distract defendant with conversation, at which time he told her that he had used cocaine by injection earlier that night. She was afraid that defendant was going to hit her. Defendant overpowered the victim and then sexually assaulted her. During these attacks, he struck her repeatedly on the face and legs and muffled her cries for help.

After the police were called, the victim was examined at the hospital by an emergency room physician. The doctor noted bruising on both her arms, her right shoulder and her left thigh, as well as swelling of the external genitalia. During the trial, the doctor testified on direct examination, over defense's objection, as follows:

> [The victim] told me that . . . the alleged assailant came to her door in the early morning, that he was drunk, that she allowed him in otherwise he would [have] broken down the door, that she was raped and that she had sustained some injuries in that connection and she had some bruises.

On cross-examination, the doctor testified that he had no personal knowledge of what caused the swelling. The jury found defendant guilty of sexual assault.

On appeal, defendant first challenges the admission of the doctor's testimony regarding the victim's statements to him. Defendant claims that this testimony is hearsay and does not come within the scope of the hearsay exception that permits the admission of statements made to a doctor for purposes of medical treatment. See V.R.E. 803(4). The State concedes this was error, and we agree. This Court has examined the scope of the Rule 803(4) exception on several recent occasions. See *State v. Recor*, 150 Vt. 40, 47, 549 A.2d 1382, 1387 (1988); *State v. Gallagher*, 150 Vt. 341, 349, 554 A.2d 221, 226 (1988); *In re R.M.*, 150 Vt. 59, 65, 549 A.2d 1050, 1054 (1988).

For purposes of analyzing defendant's claim, we assume that the doctor's testimony is "classic hearsay: testimony by one witness as to what some other person told him offered to evidence the fact asserted."[1] *State v. LaRose*, 137 Vt. 531, 532, 408 A.2d 651, 652 (1979). The Rule 803(4) hearsay exception initially relied upon by the State is very narrow and unlike the corresponding federal rule, applies only to statements "made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations." V.R.E. 803(4). The Reporter's Notes to this rule make clear its limits: "The rule omits a provision of the Federal and Uniform Rules that would also admit statements of the inception and cause of a condition or symptoms if pertinent to diagnosis or treatment." Reporter's Notes to V.R.E. 803(4). See also *State v. Gallagher*, 150 Vt. at 349, 554 A.2d at 226; *In re R.M.*, 150 Vt. at 65, 549 A.2d at 1054. The doctor's testimony which related the victim's account of the events went to the cause of the victim's condition, and its admission was, therefore, error.

Relying on *State v. LaRose, supra*, defendant argues that the admission of this hearsay evidence was so prejudicial that reversal of his conviction is required. *LaRose*, however, is distinguishable from the present case. In *LaRose*, a sexual assault case, this Court noted that there may be times when inadmissible hearsay is harmless, but found prejudicial error from a combination of three factors: (1) the State's extensive reliance upon inadmissible hearsay testimony from a state trooper; (2) the fact that the trooper testified first in the trial; and (3) the extended length of the jury deliberations. *Id.* at 532, 408 A.2d at 652. We therefore reversed the defendant's conviction. In *LaRose*, the witness's hearsay evidence was extensive, while in

---

[1] In a supplemental submission, the State argues that the testimony can be viewed as part of the basis of the expert testimony, not offered to prove any of the facts stated therein, and admissible under V.R.E. 703. See *State v. Recor*, 150 Vt. at 47–48, 549 A.2d at 1388. We have not ruled on this argument although we note *infra* that the nature of the use in this case diminishes the potential prejudicial effect.

the present case, the doctor's hearsay testimony was limited to that single sentence written above.[2]

The present case is more similar to *State v. Gallagher*. In *Gallagher*, also a sexual assault case, the victim told a doctor how the defendant had molested her, and the doctor then testified to these statements during the trial. The Court found that although this testimony was inadmissible hearsay, "in view of the merely cumulative nature of the physician's testimony, and the fact that the [victim] was available for cross-examination, the resulting error was harmless." *Gallagher*, 150 Vt. at 349, 554 A.2d at 226. In addition, the victim in *Gallagher* testified as the prosecution's primary witness.

As in *Gallagher*, the victim in this case testified first at trial, was the State's primary witness and was available for cross-examination. Moreover, even though the doctor in this case was the State's only expert witness, his hearsay testimony was very limited. He never, for example, stated that the victim said that defendant was the assailant. The testimony was offered in part to show the applicability of a certain protocol, developed by the Department of Health for examination of persons who claimed to be victims of sexual assaults. It explained why the doctor conducted the examination he did.[3] Further, he stated on cross-examination that he had no personal knowledge of what caused the victim's injuries. Finally, the hearsay testimony was merely cumulative in nature. Assuming the doctor's testimony was hearsay and should not have been admitted under Rule 803(4), it had no effect on the outcome of the trial and any resulting error was harmless.

Defendant also claims that the trial court committed reversible error by permitting the State to present evidence that defendant had injected cocaine hours before the sexual assault.

---

[2] The jury deliberation in *LaRose* went on for over eight hours. *LaRose*, 137 Vt. at 532, 408 A.2d at 652. The transcript does not say precisely how long the deliberations went on in this case, but it is clear that they were significantly shorter than in *LaRose*.

[3] This alternative reason for admission reduced the likelihood that the jury would consider that the doctor's testimony bolstered that of the victim. As noted in footnote 1, *supra*, it may also mean that the testimony was not hearsay and was admissible under V.R.E. 703.

34

Defendant argues that this evidence is irrelevant and prejudicial. We hold that the evidence concerning defendant's recent cocaine use is relevant, and it was within the trial court's discretion to find the evidence more probative than prejudicial.

The defendant was charged with sexual assault under 13 V.S.A. § 3252(1)(C). An essential element of this crime is that the victim must be placed in fear by the assailant that a person will be harmed imminently. *Id.* The victim maintained that during the assault the defendant told her he had used cocaine by injection earlier that night. We have a very broad rule of relevance. Relevant evidence is evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." V.R.E. 401. Further, the trial judge has discretion in determining whether evidence is relevant. See *State v. Larose*, 150 Vt. 363, 371, 554 A.2d 227, 231 (1988). The evidence here meets the broad standard by making it more probable that the victim was placed in fear that she would be imminently harmed by the defendant. Thus, the evidence helps to shed some light on the victim's state of mind during the assault. The fact that the victim is not an expert on the effects of cocaine or that the effects might have worn off prior to the assault go to the weight of the evidence. It was clearly relevant.

Although the evidence is relevant, it may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice." V.R.E. 403. The balancing of the evidence's probative value against its prejudicial effect is left to the trial judge's discretion. See Reporter's Notes to V.R.E. 403. See also *State v. Valley*, 153 Vt. 380, 387, 571 A.2d 579, 582 (1989); *In re Nash*, 149 Vt. 63, 65–66, 539 A.2d 989, 991 (1987). The balancing must be accomplished with the understanding that nearly all the evidence against a criminal defendant is prejudicial at least to some degree. See, e.g., *State v. Parker*, 149 Vt. 393, 400, 545 A.2d 512, 517 (1988).

This Court has held on several occasions that " '[t]o support a claim of abuse of discretion, defendant must show that the court's discretion was either totally withheld or exercised

on grounds clearly untenable or unreasonable.' This burden is a heavy one and often difficult to satisfy; nevertheless, it has always been the standard." *Id.* at 401, 545 A.2d at 517 (quoting *State v. Dorn*, 145 Vt. 606, 616, 496 A.2d 451, 457 (1985)). In this case, defendant argues that the trial court failed to exercise its discretion as required under Rule 403. In support of this claim, defendant points out that the judge, upon a motion in limine to exclude the evidence, stated that: "I'm going to let in the cocaine evidence. I suspect the jury will be dealing with all the factual circumstances as they occurred. I'm not selectively limiting them."

Our review of the transcripts indicates that the trial court considered numerous pretrial issues and made the cocaine ruling after hearing arguments concerning the admissibility of not only the cocaine use but also of the defendant's prior sexual relationship with the victim and the applicability of the rape shield law. The trial judge then indicated that the cocaine evidence would be presented to the jury by the victim to draw a complete picture of the events that occurred the night in question. This ruling came after extensive arguments by the parties. As in *State v. Parker*, 149 Vt. at 402, 545 A.2d at 518, we think this record is sufficient to show the exercise of discretion. Our precedents have not required that the trial court specify precisely the weight it assigns to probative value or prejudicial effect or specify why one overweighs the other.

While we recognize the prejudice that may result from an accusation of illegal drug use, we cannot say in this case that the prejudicial effect so overweighed the probative value that the evidence should have been excluded as a matter of law.

*Affirmed.*