## STATE of Vermont v. James E. ROY

[573 A.2d 698]

No. 89-303

March 19, 1990. The sole issue in this appeal by defendant from a denial of sentence reconsideration is whether *State v. LaPine*, 148 Vt. 14, 527 A.2d 1150 (1987) (only facts and circumstances existing at time of sentencing may be considered at sentence reconsideration), should be overruled. We decline to do so.

*Affirmed.*

Motion for reargument denied April 2, 1990.

## STATE of Vermont v. Douglas S. SMITH

[577 A.2d 279]

No. 89-198

May 10, 1990. Upon receiving an anonymous telephone tip that the occupants of a green Chevrolet with Vermont registration 9R564 heading south on Route 7 were all drunk, several officers proceeded in separate cruisers to try to locate the Chevrolet. One officer came upon it and recognized the driver as someone he believed to be under a license suspension. He radioed this information to the others, and another officer stopped defendant after she determined he was driving the car the police were looking for. Defendant was in fact under suspension and showed signs of being under the influence. Defendant was then processed for DUI and convicted of the offense following an unsuccessful motion to suppress the evidence on the ground that the police did not have "reasonable suspicion" that he was violating the law.

We recently held in *State v. Ryea*, 153 Vt. 451, 454, 571 A.2d 674, 676 (1990), that an officer's belief that someone he knew was under suspension, due to seeing his name on a list of drivers with suspended licenses, justified an investigative stop. Defendant attempts to distinguish *Ryea* because the officer here believed defendant was under suspension from information gathered six months before the stop. At that time, the officer learned defendant had "an extensive motor vehicle record, and that he was under suspension in the State of Vermont for various and several reasons."

We need not decide whether the basis of the officer's belief was too stale to provide reasonable suspicion or that the telephone tip lacked sufficient reliability to justify a stop. See *State v. Kettlewell*, 149 Vt. 331, 544 A.2d 591 (1987). These issues need not be viewed in isolation one from the other. We conclude that ample factual basis existed given "'the totality of the circumstances—the whole picture,'" that is, the tip and the officer's belief of defendant's license status, to reasonably suspect that he was breaking the law. *State v. Paquette*, 151 Vt. 631, 635, 563 A.2d 632, 635 (1989) (quoting *United States v. Cortez*, 449 U.S. 411, 417 (1981)). Consequently, the investigative stop was proper.

*Affirmed.*