■ ALAN G. QUASHA, Appellant, v AMERICAN NATURAL BEVERAGE CORP. et al., Respondents.—Judgment, Supreme Court, New York County (Beatrice Shainswit, J.) entered on February 21, 1990, which, after a jury trial and after denying plaintiff's motion to set aside the verdict or, in the alternative, to order a new trial pursuant to CPLR 4404, and then after denying plaintiff's motion for a written decision pursuant to CPLR 4211 and 4213, dismissed plaintiff's complaint, unanimously affirmed, without costs.

The trial court correctly found for the defendants. The individual defendants, as corporate officers and directors of the defendant corporation, owe a fiduciary duty to the plaintiff as a shareholder *(Giblin v Murphy,* 73 NY2d 769). Although silence as to material facts may constitute fraud where there is a fiduciary relationship *(see generally, IBM Credit Fin. Corp. v Mazda Motor Mfg. [USA] Corp.,* 152 AD2d 451), the record in this case shows that the documents withheld from plaintiff contain nothing more than speculation, advertising puffery and the defendants' hopes for the future of the company.

We have reviewed the plaintiff's remaining arguments, and find them to be without merit. Concur—Murphy, P. J., Sullivan, Rosenberger, Ross and Asch, JJ.