## State of Vermont v. Dean A. Derouchie

[600 A.2d 1323]

No. 90-247

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed November 22, 1991

Motion for Reargument Denied December 13, 1991

*Jeffrey L. Amestoy*, Attorney General, and *Susan R. Harritt*, Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*Kenneth A. Schatz*, Acting Defender General, and *William A. Nelson*, Appellate Attorney, Montpelier, for Defendant-Appellant.

**Morse, J.** Defendant appeals the denial of his motion for sentence reconsideration on three grounds. He claims the court made a clearly erroneous finding of a highly relevant fact, penalized him for validly exercising his privilege against self-incrimination, and withheld its discretion in failing to "individualize" the sentence by insisting on the maximum in every case. We affirm.

Defendant was convicted of sexual assault and sentenced in April 1988 to four-to-twenty years. Defendant appealed, and this Court affirmed the judgment in October 1989. *State v. Derouchie*, 153 Vt. 29, 568 A.2d 416 (1989). A motion to reconsider the sentence under 13 V.S.A. § 7042 was filed in January 1990, and denied, after hearing, in April 1990.

At the sentencing hearing in 1988, the State recommended a twenty-year maximum because it believed participation in the in-house sex-offender program was required in defendant's case. The Corrections Department officer who prepared the presentence investigation had initially recommended a four-year minimum and a maximum of twelve years, but after discussing it with the court, agreed that a twenty-year maximum was more appropriate. Defendant's counsel pointed out that if, for any reason, defendant did not receive appropriate treat-

ment, he would probably "max [a twenty-year] sentence." Because defendant maintained his innocence and would continue to do so, it was likely he would "not be considered for the treatment program." Defendant's counsel concluded her argument by advocating probation with well-directed supervision because defendant did not pose a danger to society so long as he remained substance-free.

The court nevertheless sentenced defendant to four-to-twenty years to serve, saying to him:

> Got a front end and it's got a maximum. Your attorney wants probation. We have two programs. We have an inside program and we have an outside program. The outside program is probation. They ask one question. The threshold question on probation when you go to these counselors, which is do you accept responsibility for what happens.
>
> Now, if the answer to that question is no, that's the end of the interview. And you come back and it's a violation of probation and you go in. So that becomes a pointless tool at this point with the posture you're in, which is your business.
>
> . . . .
>
> Your lawyer tells me you're going on appeal.
>
> . . . .
>
> When it returns from the Supreme Court and the decision is affirmed—let's take a worse case situation. You have an opportunity to have this sentence reconsidered at this point. If I were you in the situation that you're in I would deal candidly and openly with the people you're going to be dealing with . . . .
>
> . . . .
>
> I would like nothing better to have you out of the center and back in to a productive life as quickly as possible. But you have got to take responsibility for the situation, however you perceive it. . . .
>
> You've got to make some hard decisions. But whether this twenty years is going to stick or not, I guess will depend on what happens over the next year, eighteen months, I guess. . . .

> The maximum is the risk control device because I don't know what's going on in your head. . . . I don't feel I can tell that from looking at one incident in a person's life or how they appear in front of me.
>
> There are people in the center who have the latest tools that this society has developed who claim they can answer questions like that. And I want the answer to that question the next time I see you.
>
> The question is whether you're going to be able to provide me that information. When am I going to see you? I'm going to see you after your appeal's over. If the decision's going to be affirmed, I suspect your lawyer's going to be filing a motion for reconsideration of sentence and we'll take it up at that point. . . .

In his motion for sentence reconsideration, defendant indicated that he had overcome his addiction to drugs, had been a model prisoner, had accepted responsibility for the offense and had been offered the opportunity to participate in an in-house treatment program for sex offenders at the Chittenden County Correctional Facility. Defendant claimed, however, that he would be better suited for treatment on an "out-patient basis," which a probationary sentence could provide. Defendant suggested that the nature of his crime did not warrant a finding that he was the type of sexual deviant who needed extensive sex therapy. He argued that the assault was his first, brought about by "a tumultuous relationship" with the victim, while he was under the influence of cocaine and alcohol. The motion concluded that defendant would probably "max out," given the low percentage of sex offenders who receive parole in the in-house treatment program and that a twenty year sentence was excessive for the crime.

The focus of the request for relief was the admission of guilt defendant made after his appeal failed, a confession he claimed he could not realistically make at the time of sentencing. Having accepted responsibility, defendant could begin a program of therapy.

At the hearing on sentence reconsideration, the same judge presided. The court was informed that defendant had accepted responsibility for the offense. Defendant's case worker testified, however, that he was programmed to "max out" his sen-

tence because he had not yet decided to "deal with [his] need area" of "inappropriate sexual behavior." Although defendant had been invited to participate in the in-house sex-offender program, he had refused to participate "because of a problem he perceived to be having with a guard at the Chittenden Correctional Center." The representative from the Department of Corrections who testified at defendant's sentence reconsideration hearing believed defendant's four-to-twenty year sentence was appropriate under all the circumstances of his case. The program did not produce a high percentage of paroled graduates, there being only about a 35% "pass rate." Defendant argued he should not be subjected to these low odds.

In its written decision denying the motion, the court stated "[defendant] has only become remorseful after his appeal failed," and framed the central issue as follows: "The key factual issue concerns whether '. . . there is little reason to believe that Mr. Derouchie is a sex offender in need of the in-house program' . . . as he states it in his motion." The court concluded "he has not shown any credible evidence of accepting responsibility for the offense or cooperating with this program."

## I.

The State contends that all of defendant's points on appeal should be rejected because *State v. LaPine*, 148 Vt. 14, 15, 527 A.2d 1150, 1150 (1987), holds that only "circumstances and factors present at the time of the original sentencing, rather than defendant's conduct and behavior since sentencing" may be considered at sentence reconsideration.

We do not agree that *LaPine* is applicable here, because the court at sentencing invited defendant to move for reconsideration and informed him, in effect, that his situation between sentencing and reconsideration would be relevant.

## II.

Defendant claims the court premised its decision on an erroneous finding of fact that he did not accept responsibility for the offense. He points to a colloquy with his counsel as follows:

| | |
|---|---|
| Defense Counsel: | . . . It seems grossly unfair for us to be denied any access to this program, when this program is the thing in effect that's keeping him in prison. |
| The Court: | I don't understand the point. They have a program he's been invited into? |
| Defense Counsel: | That's correct. He's been accepted into the program. |
| The Court: | What's next? |
| Defense Counsel: | Well, that means several things. Number one, that he is no longer in denial about this offense. |
| The Court: | Okay. |
| Defense Counsel: | Okay. Basically that's what I wanted the Court to understand, that he— |
| The Court: | Well, I'll accept your word on that. |

This colloquy followed an objection by the State on confidentiality grounds over access to certain Department of Corrections records. A Corrections official testified also that defendant "has made an important first step in admitting his offense."

 We do not read the trial court's finding as rejecting the fact that defendant uttered words acknowledging guilt. Coupled with his refusal to participate in the treatment program, it was not clearly erroneous for the trial court to conclude that defendant's acknowledgement was less than sincere. We note that "the trial court has wide discretion to consider such factors as it believes are relevant," *State v. Dean*, 148 Vt. 510, 513, 536 A.2d 909, 912 (1987), and we have relaxed the scrutiny ordinarily paid to the adequacy of findings in sentence reconsideration proceedings.

### III.

Defendant further argues that the court impermissibly penalized him for asserting his right against self-incrimination when he did not express remorse before his conviction was affirmed.

■ We must read the comment that defendant became "remorseful after his appeal failed" in conjunction with the court's conclusion that defendant's acknowledgement of responsibility was less than sincere. On several occasions during the original sentencing, the court noted that defendant did not have to incriminate himself during the appellate process. We think it is implicit that the court doubted defendant's sincerity because he refused treatment, not because he refused to incriminate himself.

## IV.

Finally, defendant accuses the trial court of withholding its discretion when it imposed the twenty-year maximum because, in so doing, it stated:

> The twenty is because it's twenty. That's all they give us. It's the maximum penalty permitted under the statute. And I think that's a recognition that we have entered into since I guess the mid-'70s.

■ Whatever the court meant by that statement, beyond the recognition that the statute limits the maximum to twenty years, we do not conclude it failed to exercise discretion. The transcript is replete with the court's concern that the longest maximum sentence possible be set to protect the public should defendant fail to respond positively to treatment.

■ In conclusion, we view defendant's unwillingness to participate in the sex-offender program as ample reason to allow the original sentence to remain intact. Sound correctional policies are not served by placing a sexual offender on probation on the heels of, and as a perceived reward for, his noncooperation with an in-house treatment program.

*Affirmed.*