STATE of Vermont v.
Ray RICHARDSON

[640 A.2d 24]

No. 92-558

January 12, 1994. Defendant asks this Court to overrule *State v. LaPine*, 148 Vt. 14, 527 A.2d 1150 (1987), in which we held that only circumstances and factors present at the time the sentence was originally imposed, not a defendant's conduct and behavior after sentencing, are relevant in a sentence reconsideration proceeding pursuant to 13 V.S.A. § 7042. We again decline to overrule *LaPine*. See *State v. Platt*, 158 Vt. 423, 426, 610 A.2d 139, 142 (1992); *State v. Roy*, 154 Vt. 645, 645, 573 A.2d 698, 698 (1990) (mem.).

Defendant argues that *State v. Derouchie*, 157 Vt. 573, 600 A.2d 1323 (1991), undermines *LaPine*. In *Derouchie*, the trial court took into account the defendant's conduct after imposition of the original sentence in considering the motion for reconsideration. At the sentencing hearing, the judge expressed willingness to re-examine the original sentence after the disposition of the appeal, contingent on the defendant sincerely acknowledging his guilt. We held that *LaPine* did not apply in that situation because the trial judge at sentencing had invited the defendant to move for reconsideration and had informed the defendant that his situation between sentencing and reconsideration would be relevant. *Id.* at 577, 600 A.2d at 1325. Defendant argues that the result should be the same whether the judge invites or accepts defendant's offer of post-sentencing information at the reconsideration stage. We disagree.

In *Derouchie* the sentencing judge expressly recognized that the defendant's acknowledgement of guilt could affect the reconsideration result. Here, there was no invitation by the sentencing judge for evidence of post-sentencing conduct at the reconsideration hearing, or suggestion that such conduct could affect the sentence. *LaPine* is controlling, and the court did not err in declining to consider the post-sentencing conduct.

Defendant further argues that *LaPine* does not apply to murder cases because of 13 V.S.A. § 2303(c), which requires the sentencing court to consider certain enumerated aggravating and mitigating factors prior to sentencing. See *id.* § 2303(c)–(e). Specifically, defendant points to § 2303(e)(7), which includes as a mitigating factor "[a]ny other factor that the defendant offers in support of a lesser minimum sentence." However, the fourteen other aggravating and mitigating factors all speak to matters existent and known at the time of sentencing. See *id.* § 2303(d)–(e). We see no reason to construe the § 2303(e)(7) factor differently.

Defendant also contends that the original sentence was imposed illegally because the court failed to make written findings as required by 13 V.S.A. § 2303(c). We do not reach this issue, however, because it was not raised in defendant's appeal of his conviction, see *State v. Richardson*, 158 Vt. 635, 603 A.2d 378 (1992), or in the sentencing reconsideration hearing. See *State v. Prue*, 138 Vt. 331, 331–32, 415 A.2d 234, 234 (1980) (per curiam) (no consideration of matters first raised on appeal).

*Affirmed.*