**Constance EVERETT and Robert Everett v. TOWN OF BRISTOL**

[674 A.2d 1275]

No. 93-620

January 30, 1996. Plaintiff Constance Everett[1] appeals from a jury verdict in favor of defendant Town of Bristol, claiming the trial court erred by admitting highly inflammatory and unfairly prejudicial evidence as the basis for defendant's psychiatric expert's opinion, and allowing cross-examination of plaintiff regarding irrelevant and unfairly prejudicial personal history to attack plaintiff's character and credibility.[2] We agree and reverse.

In September 1986, plaintiff fell when she was descending the front steps of the Bristol Town Hall. She filed a complaint in Chittenden Superior Court in June 1989, alleging that the town negligently maintained the steps, which caused her to fall, resulting in injury to her ankle. Defendant maintained that plaintiff's fall was not caused by any defect in the steps, and that plaintiff's injuries were not caused by the fall on the town hall steps. A jury

---

[1] Plaintiff Robert Everett, husband of Constance Everett, is also an appellant in this case.

[2] Plaintiff also argues that the court erred by (1) failing to excuse for cause a juror whose parents lived and owned property in the Town of Bristol, and (2) allowing defense counsel to imply that defendant town did not have insurance. We do not reach these issues because we reverse on other grounds.

returned a verdict for defendant, and plaintiff appeals.

Plaintiff raises several challenges to the testimony of defendant's psychiatric expert, Dr. Richard Bernstein. Dr. Bernstein testified that, in his opinion, plaintiff suffers from somatoform pain disorder, which preexisted her fall on the town hall steps, and is the cause of her present ankle pain. As a basis for his opinion, Dr. Bernstein gave a history of plaintiff's life. He told the jury that plaintiff had a terrible relationship with her father, who was an alcoholic; that she was raped when she was a teenager; that there were allegations of a lesbian relationship with a commanding officer while she was in the army; that she was discharged from the army because she was unsuitable; that she married a man in Italy who broke her jaw, causing a miscarriage; that the man followed her back to the United States and killed her mother; that her second husband was a "swinger and a bisexual," who liberally prescribed drugs for her to which she became addicted; that her second husband ran off with her best friend; and that she is now married for the third time.

Dr. Bernstein also relied on plaintiff's psychiatric history, and gave a detailed description of ·her psychiatric records, including the records of two hospitalizations. He also detailed plaintiff's medical history. Finally, Dr. Bernstein explained how the detailed history that he provided substantiated his diagnosis.

Plaintiff first argues that the trial court erred in allowing the psychiatric expert to testify because he could not testify to a reasonable degree of medical certainty that plaintiff's injury was not caused by the fall on the town steps. She maintains that the expert's testimony could not, therefore, assist the trier of fact in understanding the evidence or determining a fact in issue. See V.R.E. 702. "[E]xpert testimony must meet a standard of 'reasonable probability' or a 'reasonable de-

gree of medical certainty.'" *Jackson v. True Temper Corp.*, 151 Vt. 592, 596, 563 A.2d 621, 623 (1989) (quoting *Campbell v. Heinrich Savelberg, Inc.*, 139 Vt. 31, 34, 421 A.2d 1291, 1293 (1980)). Thus, speculative expert testimony is irrelevant and is not admissible. *Turgeon v. Schneider*, 150 Vt. 268, 275, 553 A.2d 548, 552 (1988).

Although some of Dr. Bernstein's testimony was speculative, we disagree with plaintiff that he was uncertain regarding the cause of her current ankle pain. In his opinion, plaintiff's pain was not caused by the fall on the steps; rather, .the fall created the opportunity for her to express her anger and sadness through her body. We agree with plaintiff that on cross-examination, Dr. Bernstein's testimony on causation was inconsistent; however, weaknesses in the expert's opinion brought out on cross-examination properly go to the weight the jury may accord the testimony, not its admissibility. See *Jackson*, 151 Vt. at 596, 563 A.2d at 623.

The main issue in this case is whether the trial court abused its discretion by admitting otherwise inadmissible evidence as the basis of the expert's opinion. Initially, plaintiff argues that defendant's expert should not have been permitted to testify on direct examination about the basis for his opinions. We have previously ruled, like the majority of courts, that basis testimony is admissible on direct examination, subject to a limiting instruction. See *State v. Recor*, 150 Vt. 40, 48-49, 549 A.2d 1382, 1388 (1988); see also *Fox v. McLain*, 142 Vt. 11, 14, 451 A.2d 1122, 1123 (1982) (underlying data may be developed after opinion is expressed on direct, cross, or redirect examination). This rule does not mean that all basis testimony is admissible, however. V.R.E. 703 is not a "backdoor" to circumvent the restrictions of other rules of evidence. *Recor*, 150 Vt. at 48, 549 A.2d at 1388. Basis testimony must first meet the two-prong test under V.R.E. 703: (1) the expert must have relied on the facts or data

in forming the opinion, and (2) the facts or data must be of a type reasonably relied upon by experts in the particular field. *Id.* Moreover, basis testimony that meets the V.R.E. 703 test is still subject to V.R.E. 402 relevance challenges and V.R.E. 403 balancing of probative value versus unfair prejudice. See *State v. Goodrich*, 151 Vt. 367, 376-77, 564 A.2d 1346, 1351-52 (1989) (basis testimony subject to V.R.E. 402 and 403).

In this case, the trial court abused its discretion under V.R.E. 403 by admitting highly inflammatory personal history as basis testimony. We note one example — Dr. Bernstein's testimony regarding plaintiff's marital and sexual history — because this is a perfect example of abuse of V.R.E. 703 to present unfairly prejudicial and otherwise inadmissible evidence as basis testimony. Dr. Bernstein testified that plaintiff allegedly had a lesbian relationship with a commanding officer while in the army and that plaintiff's second husband was a "swinger and a bisexual." Any probative value to the central issues in this case is clearly outweighed by the danger of unfair prejudice to plaintiff. See V.R.E. 403; *Mission Ins. Co. v. Wallace Sec. Agency*, 734 P.2d 405, 408 (Or. Ct. App. 1987) (excluding psychiatrist's testimony regarding sexual preference and drinking habits of security guard was not error; any possible relevance to plaintiff's claim that defendant was negligent in hiring and training its security guards was outweighed by chance of undue prejudice and potentially misleading introduction of collateral matters); cf. *Arroyo v. City of New York*, 567 N.Y.S.2d 257, 259-60 (App. Div. 1991) (trial court erred in admitting plaintiff's medical and psychiatric history, which was highly prejudicial and irrelevant to plaintiff's claim for personal injuries resulting from fall in hole in or near sidewalk, where defendant did not dispute defective condition of area).

Despite the personal nature of the evidence and the slight probative value to the tort claim, the court failed to exclude the evidence. Indeed, the court did not exclude any of the highly inflammatory history recited by the expert that should have raised concerns under V.R.E. 403. Cf. *People v. Coleman*, 695 P.2d 189, 204 (Cal. 1985) (reversing trial court because it allowed expert to testify on direct examination to details of inflammatory letters of deceased victim although small part of basis of psychiatric expert's opinion). Not surprisingly, we have found no case to support the wholesale admission of plaintiff's personal history as the basis for a psychiatric diagnosis. "Rule 703 does not compel the admission of any evidence desired by a litigant simply because that otherwise inadmissible evidence can be fashioned by one expert witness into something he states he relied upon in reaching his opinion." *Emigh v. Consolidated Rail Corp.*, 710 F. Supp. 608, 613 (W.D. Pa. 1989).

Defendant maintains that any error in the admission of psychiatric testimony was harmless because Dr. Bernstein's opinion was relevant only to the issue of damages and the jury never reached this issue. We disagree. Dr. Bernstein testified regarding the cause of plaintiff's injury. Moreover, defendant argued before the trial court that Dr. Bernstein's basis testimony was relevant to assessing plaintiff's credibility, and then, in closing argument, defense counsel stated that "the central issue in this case [is] credibility, credibility, credibility." Thus, the intended purpose of the basis testimony was, in part, to undermine plaintiff's credibility by putting in evidence a highly inflammatory personal history that was unfairly prejudicial. Such error is not harmless.

Next, plaintiff argues that the trial court erred in allowing cross-examination of plaintiff regarding facts that served as the basis of Dr. Bernstein's opinion, specifically about receiving disability benefits from the Veterans Administration for pel-

vic inflammatory disease. Defendant maintains that it was entitled to show through plaintiff's admissions that the basis for the opinions was in fact true. We disagree. Plaintiff never challenged the accuracy of Dr. Bernstein's basis testimony, and these facts were not otherwise admissible. We reject defendant's bootstrap argument that it is entitled to prove the facts that form the basis for its expert's opinion, regardless of whether this evidence is otherwise relevant. Indeed, defendant cites no authority to support this novel theory of admissibility.

The trial court held that cross-examination of plaintiff was relevant to plaintiff's credibility, the central issue in this case. We also reject this rationale; the evidence was not admissible to test plaintiff's credibility because none of the facts was indicative of truthfulness or lack of truthfulness. Benefits received for unrelated disabilities almost thirty years ago are irrelevant to the claim in this case, except insofar as the trial court may in its discretion allow the expert to testify to such evidence to support his psychiatric diagnosis.

*Reversed and remanded.*

Motion for reargument denied February 23, 1996.